United States Courts
Southern District of Texas
FILED
*July 15, 2020*
David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| WALTER ZAWISLAK, MD<br>*Plaintiff,*<br><br>VS.<br><br>TEXAS MEDICAL BOARD<br>*Defendants* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## **PLAINTIFF WALTER ZAWISLAK, MD'S ORIGINAL PETITION**

TO THE UNITED STATES DISTRICT JUDGE:

NOW COMES WALTER ZAWISLAK, MD the Plaintiff in the above-styled Civil Action ("the Plaintiff"), pursuant to 28 U.S.C. 1331 – Due Process – Administrative Decisions and orders, and in support thereof would show the Court the following:

### I.
### SUMMARY OF THE ARGUMENT

1.      Zawislak argues that TMB waived its immunity for negligence under the TTCA § 101.021(2), when its expert's medical report and sworn oath deposition is the tangible personal property of the Texas Medical Board because both are a tangible written record and/or the recorded tangible actions of Dr. Zawislak.

### II.
### JURISDICTIONAND PARTIES

2.	Defendant, **THE TEXAS MEDICAL BOARD** (hereinafter "TMB") is a Texas Agency is a government agency pursuant to 28 U.S.C. § 2671 and conducting business in the State of Texas and may be served through its agent for service of process Scott, Freshour as General Counsel, at 333 Guadalupe, Tower 3 Suite #3, Austin, TX 78701 or wherever found. Defendant is a principal and is liable for the acts of its agent(s)/personnel(s) an expert and contractor employed by TMB at the time this cause occurred and whose conduct did negligently injury the Plaintiff.

3.	Plaintiff, **Walter Zawislak, MD**, is an individual, residing in Hidalgo County at 3205 South 6th Lane McAllen, Texas 78503.

### III.  FACTUAL ALLEGATIONS

4.	In June 2012, the TMB filed a complaint against Zawislak at the SOAH for alleged violations of the Texas Medical Practice Act. *See generally* Tex. Occ. Code §§ 151.001–170.003. Memorandum Opinion pg.1 (hereinafter "MO").

5.	The TMB's complaint alleged that Zawislak's treatment of an emergency-room patient violated the Texas Medical Act and the TMB's rules. MO-2.

6.	During the proceedings before SOAH, the TMB offered into the administrative record an expert report and deposition testimony of its expert witness, John Bruce Moskow, MD. MO-*Id*. Said expert report and deposition constitutes a tangible written record and/or the tangible actions of Zawislak for his alleged violations of the Texas Medical Practice Act.

7.	Zawislak moved to strike Moskow's testimony and written report, alleging that Moskow was not qualified as an expert. MO-*Id*. The administrative law judge overruled Zawislak's motion. MO-*Id*.

8.	Ultimately, after a hearing on the merits, the SOAH judge issued a final order in February 2015 that publicly reprimanded Zawislak, ordered monitoring of his medical practice,

and required him to complete a medical jurisprudence examination, at least 24 hours of continuing medical education, and a physician assessment. MO-*Id.*

9. In January 2017, Zawislak filed this case against the Board, asserting a claim for negligence under the Texas Tort Claims Act (TTCA), which provides a limited waiver of sovereign immunity when, as relevant here, "personal injury . . . [is] caused by a condition or use of tangible personal . . . property" where "the governmental unit would, were it a private person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021(2); *see generally* id. §§ 101.001–.109 (provisions of TTCA). MO-*Id.* Premised on Zawislak's assertion that Moskow's expert report and deposition testimony constitute tangible personal property under the TTCA, Zawislak alleged in his pleadings that the TMB's negligent use of Moskow's expert report and deposition testimony in the administrative proceeding against him proximately caused him personal injury, including mental anguish, medical expenses, loss of services, and loss of past and future earning capacity. MO-*Id.*

10. In response to Zawislak's suit, the TMB filed a plea to the jurisdiction, a motion to dismiss under Rule 91a, and traditional and no-evidence motions for summary judgment. *See* Tex. R. Civ. P. 91(a) (allowing dismissal of claims without basis in law or fact). MO-3.

11. The TMB argued in support of its plea and motions that because the expert report and deposition testimony do not constitute tangible personal property under the TTCA, sovereign immunity barred his claim. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2); *University of Tex. Med. Branch v. York*, 871 S.W.2d 175, 178–79 (Tex. 1994) (holding that sovereign immunity barred claim where plaintiff failed to meet TTCA's "tangible personal property" requirement). MO-*Id.* The TMB also argued that it was entitled to summary judgment on its affirmative defenses of limitations, collateral estoppel, and res judicata. MO-*Id.*

12. After a hearing, the district court sustained the TMB's plea to the jurisdiction and dismissed Zawislak's action. The district court also granted in the same order TMB's motion to dismiss and motions for summary judgment. Zawislak perfected his appeal. MO-*Id.*

13. On January 25, 2019, the 3rd District Appellate Court affirmed the trial court's order granting the TMB's plea to the jurisdiction.

14. The Appellate Court's dispositive ruling -which only addressed jurisdiction- rejected Zawislak's argument that the lower court erred because it should have been allowed him to replead his petition in order to establish a waiver of immunity before granting TMB's 91a Plea to the Jurisdiction and that the trial court erred when it sustained the TMB's plea to the jurisdiction because the Respondent's expert report and deposition testimony did not constitute tangible personal property in his claim for negligence under the TTCA. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2).

15. The Court specifically held that "Zawislak's argument is that the TMB used the *information* in Moskow's export report and deposition testimony to injure him[1]." MO-4.

16. Texas case law, however, clearly disagrees with the Appellate Court's ruling. In *Montoya v. John Peter Smith Hospital*, 760 S.W.2d 361, 1988 Tex. App. LEXIS 3084 (Tex. App. Fort Worth October 27, 1988), the court held that a written record may be tangible when it records a tangible situation, … *See Montoya,* 760 S.W.2d 364. In *Montoya*, the issue before the court was *whether a written record that records a tangible event is … "tangible personal property" within*

---

[1] Ref. TEXAS COURT OF APPEAL, THIRD DISTRICT AT AUSTIN NO.03-17-00523-CV - MEMORANDUM OPINION: which states "Although the paper (or other format) on which Moskow's report and deposition testimony was recorded is tangible, Zawislak does not allege that he was injured by the paper. Rather, the gravamen of Zawislak's argument is that the TMB used the information in Moskow's expert report and deposition testimony to injure him. Stated differently, he does not allege that he suffered a personal injury from the use of the paper on which the report and testimony were recorded, but by the use of the information in that paper. Information is intangible and, thus, does not constitute tangible personal property under section 101.021(2) of the TTC

*the meaning of the statute* [*TTCA*]? *See Id at 363-364.* In *Montoya*, Appellant wife of deceased emergency room patient brought a medical malpractice action that sought damages for wrongful death under the Texas Tort Claims Act (Act) Id. *See*, *Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (1986).* Appellant's husband was taken by appellant to the emergency room and was asked to wait and he later suffered a heart attack. See *Id at* 362. The triage nurse had not filled out a triage slip prior to appellant's husband's death but filled out a triage slip after he collapsed. *Id.*

17. The court further held that the situation -in this case, the Appellant husband's heart attack-, like the situation in *Salcedo*, was quite tangible, but the blank triage slip did not record his condition. Id. The court determined that the triage slip was not tangible personal property within the meaning of the Act. Id. As previously indicated above, and chief to the court's holding, the court determined that a written record may be tangible when it records a tangible situation, … *See Montoya,* 760 S.W.2d 364. In *Salcedo v. El Paso Hospital District*, 659 S.W.2d 30, 32 (Tex. 1983), the court held that an electrocardiograph was tangible property because it was a recording of a tangible condition – i.e. a recording used or employed in diagnosing myocardial infarction. *See Salcedo* Id. at 33.

18. The issue before this Court is analogous to the issue in *Montoya*, in that the Court is being asked to determine whether the TMB's expert report and deposition testimony is a record of a tangible situation? Additionally, the TMB's expert report and deposition testimony is also analogous to the court's determination in *Salcedo* that held that an electrocardiograph was tangible property because it was a recording of a tangible situation[2]. *See Salcedo* Id.

---

[2] Ref. Brief Summary of the Case and Expert Opinion of Dr. Moskow – bates No. 464 which states that, "Dr. Zawislak saw him (referring to the patient) he was suspected to have a kidney stone, he was sent for a CATSCAN of his abdomen." In this case, like the *Salcedo Case*, the ordering of a CATSCAN by Dr. Zawisklak was analogous to the ordering of an EKG which the court held was a record of a tangible situation. The tangible situation (a medical diagnosis) in *Salcedo*, was a heart attack, in the present case, the situation is a clinical presentation of a kidney stone.

19.     Here, the facts show that during the proceedings before the SOAH court, TMB offered into the administrative record the expert report and deposition testimony of its expert witness, John Bruce Moskow, MD. The facts further show that the expert report and deposition testimony was offered as a tangible written record and/or the tangible actions of Zawislak for his alleged violations of the Texas Medical Practice Act. *See* Appendix A. As a result, because the TMB's expert report and deposition testimony of its expert witness, John Bruce Moskow, MD is tangible record under Texas Law, the 3rd District Appellate Court's judgement affirming the trial court's order granting the TMB's plea to the jurisdiction -because the Respondent's expert report and deposition testimony did not constitute tangible personal property in Zawislak's claim for negligence under the TTCA- represents both a disagreement on an important point of law and is of such importance to Texas jurisprudence that it has to be corrected by this Honorable Court.

20. On April 26, 2019, the Supreme Court of Texas denied Plaintiff's petition for review of his Case No. 19-0220. (Exhibit A).

### IV.   CAUSE OF ACTION

**28 USCA § 1331 - Violation of Due Process; 28 USCA § 2202 – Declaratory Judgement**

21.     The due process and equal protection clauses of the Constitution apply, not only to state Constitutions and statutes but to the action of administrative officers or <u>boards</u>, . . . give jurisdiction to a federal court to grant relief, though the action is taken under a constitutional and valid statute.  *Bank of Arizona v. Howe, D.C.Ariz.*1923, 293 F. 600.

22.     Pursuant to the XIV § 1 of the United States Constitution[3], Plaintiff seeks redress of his Case No. 19-0220, where he specifically requests a *declaratory review* of his argument

---

[3] See Constitution of the United States XIV § 1 which states that: A persons born or naturalized in the United States, . . . nor shall any state deprive any person of life, liberty, or <u>*property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*</u> Constitution of the United States XIV § 1.

wherein he asserts that the "<u>TMB waived its immunity for negligence under the TTCA § 101.021(2), when its expert's medical report and sworn oath deposition is the tangible personal property of the Texas Medical Board because both are a tangible written record and/or the recorded tangible actions of Dr. Zawislak</u>" because, despite the Court's own ruling where it determined that a written record may be tangible when it records a tangible situation, … *See Montoya,* 760 S.W.2d 364, the Supreme Court of Texas denied Plaintiff's petition for review of his Case No. 19-0220 (*Emphasis added*).

23. Pursuant to 28 USCA § 2202, further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment. 28 USCA § 2202.

24. As previously indicated above, the facts show that during the proceedings before the SOAH court, TMB offered into the administrative record the expert report and deposition testimony of its expert witness, John Bruce Moskow, MD. The facts further show that the expert report and deposition testimony was offered as a tangible written record and/or the tangible actions of Zawislak for his alleged violations of the Texas Medical Practice Act. *See* Appendix A. As a result, because the TMB's expert report and deposition testimony of its expert witness, John Bruce Moskow, MD is tangible record under Texas Law, the 3rd District Appellate Court's judgement affirming the trial court's order granting the TMB's plea to the jurisdiction -because the Respondent's expert report and deposition testimony did not constitute tangible personal property in Zawislak's claim for negligence under the TTCA- represents both a disagreement on an important point of law and is of such importance to Texas jurisprudence that it has to be corrected by this Honorable Court.

**V.
CONDITIONS PRECEDENT**

25. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## VI.
## JURY DEMAND

26. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for a judgment against Defendants for:

1. Compensatory damages to be paid by all Defendants, according to proof at trial;

2. Damages for Plaintiff's personal injuries;

3. Punitive damages as the court deems appropriate;

4. Mental anguish, Exemplary damages and Plaintiff's medical expenses

5. Medical expenses and costs and attorney's fees of this lawsuit, with interest;

6. All other relief to which plaintiff is entitled.

Dated: August 3, 2020

Respectfully Submitted,

LAW OFFICES OF CRAIG W. HARVEY
THREE HUNDRED GALLERIA TOWER
13155 Noel Rd., Suite 900
Dallas, Texas 75240
(972)918-5095 Telephone
(866) 680-3489 Telecopier

By:   /s/*Craig W. Harvey*
      Craig W. Harvey, Attorney in Charge
      State Bar No. 24090148
      charvey@craigharveylaw.com
      **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I do hereby certify compliance with Tex. R. App. P. 9.2 and 9.5(b). A true and correct copy of the foregoing instrument has been served on all counsel, by electronic transmission to the electronic mail address on file with the electronic filing manager pursuant to Rule 9.5(b)(1). If a party has not designated an electronic mail address with the electronic filing manager, the party was served a true and correct copy of the foregoing instrument in person, by mail, by commercial delivery service by fax or by email, or by such other manner as the Court in its discretion may direct pursuant to Rule 9.5(b)(2). Service was made on all parties as provided on **March 23, 2020.**

Ken Paxton
Attorney General

Jeffrey C. Mateer
First Assistant Attorney General

Brantley Starr
Deputy First Assistant Attorney General

James E. Davis
Deputy Attorney General for Civil Litigation

Kara L. Kennedy
Chief, Tort Litigation Division
Mr. Marco De Luna
LAW OFFICE OF MARCO DE LUNA
5804 N 23rd St.
McAllen, Texas 78504
Email: Marcodelunalaw@gmail.com
Email: lucilledelunalaw@gmail.com

                                                /s/Craig W. Harvey
                                                Craig W. Harvey
                                                State Bar No. 24090148
                                                charvey@craigharveylaw.com
                                                **Attorney for Plaintiff**